# Exhibit G

1

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

```
STEVEN E. SCHWARTZ,              :
                                 :
           Plaintiff,            :
                                 :
     v                           : C. A. No.
                                 : 2019-1004-AGB
COGNIZANT TECHNOLOGY SOLUTIONS   :
CORPORATION, a Delaware corporation, :
                                 :
           Defendant.            :
```

- - -

Chancery Court Chambers
Leonard L. Williams Justice Center
500 North King Street
Wilmington, Delaware
Tuesday, April 7, 2020
3:00 p.m.

- - -

BEFORE: HON. ANDRE G. BOUCHARD, Chancellor

- - -

<u>TELEPHONIC RULINGS OF THE COURT ON PLAINTIFF'S MOTION
              FOR SUMMARY JUDGMENT</u>

------------------------------------------------------------
CHANCERY COURT REPORTERS
Leonard L. Williams Justice Center
500 North King Street - Suite 11400
Wilmington, Delaware 19801
(302) 255-0523

```
 1   APPEARANCES: (Via teleconference)

 2        SAMUEL T. HIRZEL II, ESQ.
          AARON M. NELSON, ESQ.
 3        Heyman Enerio Gattuso & Hirzel LLP
                -and-
 4        RYAN P. NEWELL, ESQ.
          Connolly Gallagher LLP
 5              -and-
          AMIR TOOSSI, ESQ.
 6        JONATHAN JASON, ESQ.
          of the New York Bar
 7        Bohrer PLLC
             for Plaintiff
 8

 9        DAVID E. ROSS, ESQ.
          ANTHONY M. CALVANO, ESQ.
10        Ross Aronstam & Moritz, LLP
                -and-
11        J. CHRISTIAN WORD, ESQ.
          REBEKAH L. SOULE, ESQ.
12        of the District of Columbia Bar
          Latham & Watkins LLP
13           for Defendant

14

15

16                          - - -

17

18

19

20

21

22

23

24
```

1 invoices in question for the September to December
2 2019 period.
3 Cognizant counters that Schwartz has
4 not satisfied the condition precedent to rely on the
5 conclusive presumption because it has failed to comply
6 with the approved counsel requirement in Section 10 of
7 the indemnification agreement.  Thus, according to
8 Cognizant, Schwartz's advancement requests with
9 respect to the Bohrer firm are governed by the bylaws,
10 which do not preclude Cognizant from challenging their
11 reasonableness, although Cognizant would bear the
12 burden of proof on that issue under Section 4 of
13 Article IX of the bylaws.
14 The parties' dispute tees up
15 essentially four issues.  The first issue is whether
16 the approved counsel requirement was intended to apply
17 as a condition precedent to Schwartz's advancement
18 rights as a general matter.
19 The second issue is whether, assuming
20 the approved counsel requirement could apply in this
21 case, Cognizant has waived that provision.
22 The third issue is whether the
23 approved counsel requirement has been triggered in
24 this case.  In other words, the question is whether

1                    The contract attorney issue was the
2   subject of significant discussion at the hearing in
3   this case.  As I explained at that time, I am
4   concerned about the propriety of seeking advancement
5   for the expenses of contract attorneys at
6   significantly marked-up rates, particularly given that
7   the Bohrer firm's engagement letter with Schwartz --
8   and that's at JX 22 -- appears to provide for the
9   Bohrer firm to be reimbursed at cost for expenses it
10  incurs.
11                    In my opinion, the contract attorney
12  issue, which is the only specific challenge Cognizant
13  has made to the reasonableness of the Bohrer firm's
14  fee requests, is a factually disputed issue that can
15  be considered by the Court, notwithstanding the
16  application of the conclusive presumption, for two
17  reasons.  First, as our Supreme Court explained in
18  *Gerber v. Enterprise Products Holdings, LLC*, albeit in
19  somewhat different circumstances, a conclusive
20  presumption in a contract does not necessarily bar a
21  claim under the implied covenant of good faith and
22  fair dealing where a gap exists in a contract.
23                    Here, nothing in the indemnification
24  agreement addresses how the indemnification or

31

1          MR. ROSS:  Nothing from defendant,
2  Your Honor.
3          THE COURT:  All right.  Thank you,
4  Counsel.  We have a very able court reporter on the
5  line, so I'm sure she will get a transcript out to you
6  fairly quickly and you can get back to me with the
7  implementing order.
8          The lawyers on this line are too good
9  not to come back with an agreed-upon implementing
10 order, but per chance something happens in that
11 regard, you can submit to me your own versions of the
12 implementing order.  I tried to be very precise in
13 this ruling, so hopefully that can be avoided.
14         Have a good day, Counsel.
15         MR. ROSS:  Thank you, Your Honor.
16      (Hearing concluded at 3:38 p.m.)
17
18                  - - -
19
20
21
22
23
24

32

1        CERTIFICATE

2

3            I, JULIANNE LaBADIA, Official Court
4   Reporter for the Court of Chancery of the State of
5   Delaware, Registered Diplomate Reporter, Certified
6   Realtime Reporter, and Delaware Notary Public, do
7   hereby certify the foregoing pages numbered 3 through
8   31, contain a true and correct transcription of the
9   proceedings as stenographically reported by me at the
10  hearing before the Chancellor of the State of
11  Delaware, on the date therein indicated.
12             IN WITNESS WHEREOF, I have hereunto
13  set my hand at Wilmington this 8th day of April, 2020.
14
15
16           /s/ Julianne LaBadia
             ------------------------------
17              Julianne LaBadia
             Official Court Reporter
18          Registered Diplomate Reporter
             Certified Realtime Reporter
19             Delaware Notary Public
20
21
22
23
24