UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION,<br><br>                          Plaintiff,<br><br>                          v.<br><br>BOHRER, PLLC and JEREMY I. BOHRER,<br><br>                          Defendants. | No. 21-CV-5340 (RA)(KHP)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

       On June 16, 2021, Plaintiff Cognizant Technology Solutions Corporation ("Cognizant") filed this action against law firm Bohrer, PLLC (the "Bohrer Firm") and its managing partner Jeremy I. Bohrer (individually, "Bohrer" and collectively with the Bohrer Firm, "Defendants") for alleged fraudulent billing practices in connection with their representation of Cognizant's former Chief Legal Officer, Steven Schwartz, in various criminal and civil proceedings. Dkt. 1. Now before the Court is Defendants' motion to dismiss the claims against them or, alternatively, to stay the action pending the resolution of a motion in the Delaware Court of Chancery to enjoin Plaintiff from prosecuting this case (the "Delaware Action") on the basis that it violates a prior order of the Chancery Court. Dkt. 21.

       "It is well established that district courts possess the 'inherent power' and responsibility to manage their dockets 'so as to achieve the orderly and expeditious disposition of cases.'" *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Additionally, "the law in this [C]ircuit is clear that a district court may stay federal proceedings to allow resolution of a similar cause of action

pending in state court." *Clarkson Co. v. Shaheen*, 544 F.2d 624, 629 (2d Cir. 1976); *see also Giulini v. Blessing*, 654 F.2d 189, 193-94 (2d Cir. 1981) ("[A] federal court is not precluded, in the exercise of its discretion, from staying proceedings in the action before it pending a decision by the state court, with a view to avoiding wasteful duplication of judicial resources and having the benefit of the state court's views . . . Indeed, the state court decision might under some circumstances provide a defendant in the federal action with the defense of collateral estoppel."). Having considered the relevant factors in deciding whether a stay is appropriate, *see, e.g.*, *Van Wagner Enterprises, LLC v. Brown*, 367 F. Supp. 2d 530, 531 (S.D.N.Y. 2005), the Court finds that they counsel in favor of a stay here. The Chancery Court is expected to rule imminently on whether the filing of this action violates its April 2020 order requiring Cognizant to continue to advance all of the Bohrer Firm's fees to Schwartz until the conclusion of the underlying proceedings against him. Staying this action would thus advance the principle of comity because the Chancery Court is better equipped to interpret its own prior ruling. It would also, among other things, promote judicial efficiency and avoid the needless duplication of resources as well as the risk of inconsistent outcomes.[1]

Because the resolution of the Delaware Action could render Defendants' motion to dismiss here unnecessary or inappropriate for this Court to resolve, the Court defers decision on

---

[1] The Court finds unpersuasive Cognizant's argument that the Delaware Action is the "second-filed action," which bears only "some tenuous connection to Cognizant's first-filed action against Defendants" in this Court. Dkt. 26 (Pl.'s Opp.) at 22. Defendants note—and Cognizant does not appear to dispute—that the Delaware Action is in fact "a continuation of the prior Delaware proceedings . . . brought on by Complaint because the Chancellor who presided over the Advancement Case retired from the bench" and because the Chancery Court administrators advised that "a new action to enforce orders of this Court in the Advancement Case is preferable to moving to enforce those orders in the dormant Advancement Case." Dkt. 22 (Defs.' Br.) at 7 n.3.

the motion to dismiss for the time being.  The parties may be heard on the issue of what effect, if any, the Chancery Court's decision has on the instant lawsuit at a later date.

The Clerk of Court is respectfully directed to stay this case until further notice.

SO ORDERED.

Dated:   March 23, 2022
        New York, New York

                                                    Ronnie Abrams
                                                    United States District Judge